UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————————X

BINDER & BINDER, P.C.,

Plaintiff,

-against-

MICHAEL K. ASTRUE, Commissioner of
the Social Security Administration,

Defendant.

————————————————————————————X
FEUERSTEIN, J.

FILED
IN CL...
...COURT E.D.N.Y.

JAN 25 2012  ★

LONG ISLAND OFFICE

ORDER
CV-11-0467 (SJF)

Binder & Binder, P.C. ("plaintiff") commenced this action against Michael K. Astrue

("defendant"), Commissioner of the Social Security Administration ("SSA"), seeking to recover

attorney's fees relating to its representation of a claimant for social security disability insurance

("DI") benefits pursuant to Section 206 of the Social Security Act, 42 U.S.C. § 406. The parties

now cross-move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary

judgment. For the reasons set forth below, plaintiff's motion is granted in part and defendant's

cross motion is denied.

I.     BACKGROUND

       A.     Factual Background

       The following facts are undisputed, unless otherwise indicated:

       On or about August 9, 2007, Gordon P. Landwirth ("Landwirth") retained plaintiff to

represent him with respect to his application for DI benefits and executed an agreement entitled,

1

"Fees for Representation before the Social Security Administration" ("the Fee Agreement").

(Complaint [Compl.], ¶ 5, Ex. A). Under the Fee Agreement, *inter alia*, if Landwirth was

successful on his claim for DI benefits:

> "at the initial stage, the reconsideration stage, or an initial administrative law judge
> hearing, a fee agreement will be submitted for approval to the [SSA]. Under the fee
> agreement, the fees shall be the lesser of: a. twenty-five percent (25%) of the past due
> benefits awarded to [Landwirth] * * *, OR b. the maximum amount set by the
> Commissioner, pursuant to Section 406(a)(2)(A). This amount is currently five thousand
> three hundred dollars ($5,300.00), but is subject to adjustment by the Commissioner."

(Compl., Ex. A). However, if Landwirth was successful on his claim only following a review by

the Appeals Council, the Fee Agreement provided that "the fee petition system will be used,"

pursuant to which "the fees charged by [plaintiff] will be twenty-five percent of all past-due

benefits awarded." (Id.) The Fee Agreement further provided, *inter alia*, that if it were

invalidated by the SSA "for any reason," plaintiff "will use the fee petition method." (Id.)

By decision dated November 13, 2009, following an Appeals Council remand,

Administrative Law Judge Mark Hecht ("the ALJ") found Landwirth to be disabled as of

November 1, 2005 and entitled to DI benefits. (T. 1-3, 6-12). By order dated November 13,

2009, the ALJ approved the Fee Agreement, "subject to the condition that the claim results in

past-due benefits." (T. 4-5).

On or about December 9, 2009, the SSA paid plaintiff a total of five thousand nine

hundred seventeen dollars ($5,917.00), i.e., six thousand dollars ($6,000.00) minus a statutory

assessment of eighty-three dollars ($83.00) imposed pursuant to 42 U.S.C. § 406(d), for the legal

services it rendered to Landwirth during the SSA proceedings. (T. 13).

On March 20, 2010, the SSA's Office of Central Operations ("OCO") advised Landwirth,

*inter alia*: (1) that he was awarded past-due benefits for the period between August 2006 through

October 2009 in the total amount of sixty-five thousand five hundred eighty-eight dollars

($65,588.00); (2) that he would be receiving monthly benefits in the amount of one thousand six

hundred sixty-two dollars ($1,662.00), as well as checks in the amount of (a) one thousand seven

hundred seventy-two dollars and seventy cents ($1,772.70) for money due him through

December 2009 and (b) sixty-one thousand three hundred sixty dollars and forty cents

($61,360.40) "because of an additional lump-sum payment;" (3) that the Fee Agreement between

him and plaintiff had been approved by the SSA; and (4) that six thousand dollars ($6,000.00)

had therefore been withheld from the past-due benefits award to pay plaintiff pursuant to the Fee

Agreement and that the balance of the past-due benefits award would then be forwarded to

Landwirth. (T. 14-16).

By order dated April 21, 2010, upon review of the Fee Agreement, Mark S. Sochaczewsjy

("Chief ALJ"), the Regional Chief ALJ for the SSA, invalidated the Fee Agreement on the basis

that it did "not meet the statutory requirements of Sections 206(a)(2)(A) of the Social Security

Act as amended by Section 5106(a) of the Omnibus Budget Reconciliation Act of 1990."[1] (T.

18). In a letter to plaintiff dated that same day, the Chief ALJ explained that:

---

[1] 42 U.S.C. § 406(a)(2)(A) provides, in relevant part, that "in the case of a claim of entitlement to past-due benefits under this subchapter, if– (i) an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim is presented in writing to the Commissioner of Social Security prior to the time of the Commissioner's determination regarding the claim, (ii) the fee specified in the agreement does not exceed the lesser of – (I) 25 percent of the total amount of such past-due benefits * * *, or (II) $4,000[], and (iii) the determination is favorable to the claimant, then the Commissioner of Social Security shall approve the agreement at the time of the favorable determination, and (subject to paragraph (3)) the fee specified in the agreement shall be the maximum fee. * * *

"the two-tier fee structure set forth in the [fee] agreement is invalid * * * [because it] states that the maximum fee of $5,300.00 applies only for representation before the [SSA]. Once the case is appealed [to] the Appeals Council level, the maximum will not [sic] longer apply. * * * Since the case was not favorable [to Landwirth] prior to the that [sic] appeal, the fee agreement is invalid under Section 206(a)(2)(A)(ii) of the Social Security Act, as the requirements set forth by that statute were not satisfied."

(T. 17). Plaintiff was advised that it was "entitled to request a [legal] fee through the petition process;" that "[a]ll papers must be submitted to the New York Hearing Office if [it] wish[ed] to charge and collect a fee in this case;" and that the Chief ALJ's order was not subject to further review. (T. 17).

By letter to the ALJ and petition, both dated July 8, 2010 and received by the SSA's Office of Disability Adjudication and Review ("ODAR") on July 22, 2010, plaintiff submitted a "Petition to Obtain Approval of a Fee" to the SSA, seeking a legal fee pursuant to 42 U.S.C. § 406(a) in the amount of eight thousand dollars ($8,000.00). (T. 33-41). In the letter to the ALJ, plaintiff noted, *inter alia*, "that 25% of the past due benefits awarded [Landwirth] * * * is $16,397.00. Although [Landwirth] agreed to pay 25%, [plaintiff] [was] reducing [its] fee to $8,000.00." (T. 33).

On July 16, 2010, Landwirth filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, in the United States Bankruptcy Court for the Southern District of New York ("the bankruptcy court"). (T. 21-29). Pursuant to the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" ("Chapter 7 Notice") issued by the bankruptcy court, potential creditors of Landwirth were notified, *inter alia*, that if they "believe[d] that [Landwirth] [was] not entitled to receive a discharge under Bankruptcy Code §§ 727(a) *or* that a debt owed to [them] [was] not dischargeable under Bankruptcy Code §§

4

523(a)(2), (4), or (6), [they] must start a lawsuit by filing a complaint in the bankruptcy clerk's office by [October 12, 2010]." (T. 21-22). "Schedule F - Creditors Holding Unsecured Nonpriority Claims" ("Schedule F") designated plaintiff as a creditor of Landwirth with respect to a disputed claim in an unknown amount, but did not provide plaintiff's address. (T. 25, 27). The Certificate of Notice indicates that plaintiff was not sent a copy of the Chapter 7 Notice. (T. 29). Plaintiff alleges that it, therefore, did not receive notification of Landwirth's Chapter 7 proceeding in time to file a timely objection to Landwirth's discharge, i.e., that Landwirth's debt to plaintiff was not dischargeable under Section 523(a)(2), (4) or (6) of the Bankruptcy Code. (Compl., ¶ 11).

On July 26, 2010, the SSA's ODAR issued an "Authorization to Charge and Collect Fee," authorizing plaintiff to charge and collect a fee in the amount of eight thousand dollars ($8,000.00) for services it provided to Landwirth in the SSA proceedings and advising plaintiff that the fee would be paid directly to it from Landwirth's past-due benefits check, but that if the check did not cover the fee, payment of the balance due was "a matter for [plaintiff] and [Landwirth] to settle."[2] (T. 19). Plaintiff alleges that it is entitled to payment of two thousand dollars ($2,000.00) since it was only paid six thousand dollars ($6,000.00) of the eight thousand dollar ($8,000.00) legal fee certified by the SSA. (Compl., ¶ 13).

On October 26, 2010, the bankruptcy court entered a "Discharge of Debtor Order of Final Decree" ("the bankruptcy order"), releasing Landwirth from all dischargeable debts , i.e., most debts existing on the date the bankruptcy case was filed, and closing the Chapter 7 proceeding.

---

[2] It is undisputed that the past-due benefits paid to Landwirth covered the amount of the certified legal fee.

(T. 30). On the "Explanation of Bankruptcy Discharge in a Chapter 7 Case" annexed to the bankruptcy order, it is noted that certain types of debt are generally not discharged in the case, including, *inter alia*, "Some debts which were not properly listed by the debtor." (T. 31).

On December 19, 2010, the SSA's OCO advised plaintiff, pursuant to its "Hearings, Appeals and Litigation Law Manual" ("HALLEX"), that it had received plaintiff's July 8, 2010 "petition requesting a fee for the services [plaintiff] performed for * * * Landwirth," but that since Landwirth had filed a bankruptcy petition, the SSA could not act on plaintiff's fee petition absent authorization from the bankruptcy court. (T. 32). The SSA requested plaintiff to notify it, or to have Landwirth notify it, of the outcome of the bankruptcy proceeding. (T. 32).

B.     Procedural Background

On January 31, 2011, plaintiff commenced this action seeking to recover from the SSA the remaining two thousand dollars ($2,000.00) of its certified legal fee under Section 206 of the Social Security Act, 42 U.S.C. § 406(a), plus interest.

The parties cross-move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment.

II.     DISCUSSION

A.     Standard of Review

Summary judgment should not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c).  In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); see Ricci v. DeStefano, 557 U.S. 557, 129 S.Ct. 2658, 2677, 174 L.Ed.2d 490 (2009) (holding that "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (Emphasis added) (internal quotations and citation omitted)).  "A fact is material if it 'might affect the outcome of the suit under governing law.'" Spinelli v. City of New York, 579 F.3d 160, 166 (2d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  "Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements become immaterial and cannot defeat a motion for summary judgment." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that summary judgment is appropriate when the non-moving party has no evidentiary support for an essential element for which it bears the burden of proof).

If the district court determines that there is a genuine dispute as to a material fact, the court must then "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment," Spinelli, 579 F.3d at 166 (internal quotations and citation omitted); see also Pucino v. Verizon Wireless Communications, Inc., 618 F.3d 112, 117 (2d Cir. 2010), to determine whether there is a genuine issue for trial. See Ricci, 557 U.S. 557, 129 S.Ct. at 2677.  A genuine issue exists for summary judgment purposes "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v.

7

County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (citing Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)); see also United Transp. Union v. National R.R. Passenger Corp., 588 F.3d 805, 809 (2d Cir. 2009). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci, 557 U.S. 557, 129 S.Ct. at 2677 (quoting Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

"The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact," F.D.I.C. v. Great American Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (quotations and citation omitted), after which the burden shifts to the nonmoving party to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011); see also Spinelli, 579 F.3d at 166. Thus, the nonmoving party can only defeat summary judgment "by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in [its] favor, to establish the existence of" a factual question that must be resolved at trial. Spinelli, 579 F.3d at 166 (internal quotations and citations omitted); see also Celotex Corp., 477 U.S. at 323, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Hayut v. State Univ. of N.Y., 352 F.3d 733, 743 (2d Cir. 2003) (alterations in original). Moreover, the nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation" to defeat summary judgment. Brown, 654 F.3d at 358.

Since there is no dispute as to any material fact, summary judgment is appropriate in this action.

B.    Statutory Duties

A request to charge a fee for time spent representing a claimant in a proceeding before the

SSA is made pursuant to 42 U.S.C. § 406(a).  That statute provides, in relevant part:

> "(1)  The Commissioner of Social Security may, by rule and regulation, prescribe
> the maximum fees which may be charged for services performed in connection
> with any claim before the Commissioner of Social Security under this subchapter,
> and any agreement in violation of such rules and regulations shall be void.  Except
> as provided in paragraph (2)(A), whenever the Commissioner of Social Security,
> in any claim before the Commissioner for benefits under this subchapter, makes a
> determination favorable to the claimant, the Commissioner *shall*, if the claimant
> was represented by an attorney in connection with such claim, *fix* (in accordance
> with the regulations prescribed pursuant to the preceding sentence) *a reasonable
> fee* to compensate such attorney for the services performed by him in connection
> with such claim.
>
> * * *
>
> (4) Subject to subsection (d) of this section, if the claimant is determined to be
> entitled to past-due benefits under this subchapter and the person representing the
> claimant is an attorney, the Commissioner of Social Security *shall*,
> notwithstanding section 405(i) of this title, *certify for payment out of such past-
> due benefits* * * * to such attorney an amount equal to so much of the maximum
> fee as does not exceed 25 percent of such past-due benefits * * *."

42 U.S.C. § 406(a) (emphasis added).

In accordance with 42 U.S.C. § 406(a), the Commissioner of Social Security

promulgated, *inter alia*, 20 C.F.R. § 404.1720.  That regulation, in effect at the time plaintiff

submitted its petition in July 2010, provided, in relevant part:

> "(a) General.  A representative may charge and receive a fee for his or her services
> as a representative only as provided in paragraph (b) of this section.
>
> (b) Charging and receiving a fee.  (1) The representative must file a written
> request with [the SSA] before he or she may charge or receive a fee for his or her
> services.  (2) [The SSA] decide[s] the amount of the fee, if any, a representative
> may charge or receive.  (3) Subject to paragraph (e) of this section, a
> representative must not charge or receive any fee unless [the SSA] ha[s]

9

authorized it, and a representative must not charge or receive any fee that is more than the amount [the SSA] authorize[s]. (4) If [the] representative is an attorney * * *, and [the claimant] [is] entitled to past-due benefits, * * * [the SSA] *will* pay the authorized fee, or a part of the authorized fee, directly to the representative out of the past-due benefits, subject to the limitations described in § 404.1730(b)(1). * * *.

(emphasis added).

Thus, under 42 U.S.C. § 406(a) and 20 C.F.R. § 404.1720, defendant has a duty, *inter alia*: (1) to fix a reasonable fee to compensate plaintiff for the services performed by it in connection with Landwirth's claim for DI benefits, see 42 U.S.C. § 406(a)(1); 20 C.F.R. § 404.1720(b); (2) to certify for payment out of the past-due benefits awarded to Landwirth "an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits," 42 U.S.C. § 406(a)(4); and (3) to pay the authorized fee directly to plaintiff out of the past-due benefits award, see 20 C.F.R. § 404.1720(b).

C.     Basis of Jurisdiction

1.     28 U.S.C. § 1331

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of "any final decision of the Commissioner of Social Security made after a hearing * * *." However, that section is limited to judicial review of decisions involving a party to the hearing, e.g., the claimant in the social security proceeding or the SSA itself, and does not provide a basis for jurisdiction in cases, such as this, where the representative of the claimant in a social security proceeding seeks recovery of a legal fee pursuant to 42 U.S.C. § 406(a). See Binder & Binder PC v. Barnhart ("Binder II"), 481 F.3d 141, 149 (2d Cir. 2007) (holding that because Binder &

Binder PC, the representative of the claimant in a SSA proceeding, was not a party in the proceedings before the SSA, it cannot avail itself of section 405(g)); see also Delott v. Astrue, No. 08-CV-3952, 2011 WL 703560, at * 5 (E.D.N.Y. Feb. 18, 2011) (holding that because plaintiff, the claimants' attorney, was not a party to any of the social security decisions, the Court did not have subject matter jurisdiction under 42 U.S.C. § 405(g)). Accordingly, any claim for recovery of legal fees under 42 U.S.C. § 406(a) cannot arise under 42 U.S.C. § 405(g).

Section 205(h) of the Social Security Act, 42 U.S.C. § 405(h), provides, in relevant part, that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against * * * the Commissioner of Social Security * * * shall be brought under section 1331 or 1346 of Title 28 to recover on any claim *arising under* [42 U.S.C. § 405(g)]." (emphasis added). The Second Circuit has held that:

> "[n]ormally, Section 405(h) channels all challenges that 'arise under' the Act through the proper administrative proceedings by forbidding federal suits that have not been administratively reviewed first. * * * Thus, * * *, federal question jurisdiction does not generally lie under section 28 U.S.C. § 1331 for suits brought under the Social Security Act, even if they raise constitutional questions. * * *
>
> Judicial review is available to a plaintiff under 28 U.S.C. § 1331, however, where * * * there are no alternative means to review a federal claim arising under the Social Security Act. * * *"

Binder II, 481 F.3d at 149 (citations omitted); see also Binder & Binder PC v. Barnhart ("Binder I"), 399 F.3d 128, 130-31 (2d Cir. 2005) (holding that although Section 405(h) typically bars suits brought under 28 U.S.C. § 1331, judicial review is available when there is no alternative since it may be presumed "that Congress did not intend to foreclose *all* avenues of judicial review." (emphasis in original)). Accordingly, the Second Circuit has held that a representative

11

seeking fees under 42 U.S.C. § 406, "may invoke federal question jurisdiction under 28 U.S.C. § 1331 because, were such jurisdiction unavailable, it would be unable to obtain any judicial review of its claims under the [Social Security] Act." Binder II, 481 F.3d at 150; see also Buchanan v. Apfel, 249 F.3d 485, 490 (6th Cir. 2001) (holding that 42 U.S.C. § 405(h) does not preclude a claim by an attorney representing claimants in social security proceedings challenging the SSA's method for determining the amount of fees upon statutory or constitutional grounds because, *inter alia*, the attorney was not a party to the SSA hearings and there "is no clear and convincing evidence that Congress intended to deny a judicial forum for such a claim.")

Accordingly, this Court has jurisdiction over this matter under 28 U.S.C. § 1331.[3]

2.    28 U.S.C. § 1361

In addition, this Court has subject matter jurisdiction over this action under the mandamus statute, 28 U.S.C. § 1361. That statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

"[M]andamus is an extraordinary remedy," Miller v. French, 530 U.S. 327, 339, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000); see S.E.C. v. Rajaratnam, 622 F.3d 159, 169 (2d Cir. 2010), that may only be granted where: (1) the petitioner has no other adequate means to attain the relief

_____

[3] Although 42 U.S.C. § 406(a)(3) and 20 C.F.R. § 404.1720(d), which govern the SSA's review of the amount which would otherwise be the maximum fee under Section 406(a), provide, in relevant part, that the SSA's determination of that amount shall not be "subject to further review," those provisions are inapplicable to this case because plaintiff is not seeking judicial review of the SSA's fee determination, i.e., the amount of the fee. Rather, plaintiff is seeking to compel defendant to pay the remainder of the eight thousand dollar ($8,000.00) amount that it has already determined to be a reasonable fee.

sought; (2) the petitioner shows a "clear and indisputable right to the issuance of the writ,"

Miller, 530 U.S. at 339, 120 S.Ct. 2246 (internal quotations and citation omitted); and (3) the

court, in the exercise of its discretion, determines that the writ is appropriate under the

circumstances. In re City of New York, 607 F.3d 923, 932-33 (2d Cir. 2010); see also Cheney v.

United States District Court for District of Columbia, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159

L.Ed.2d 459 (2004). A writ of mandamus "provide[s] a remedy for a petitioner only if he has

exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary

duty." Heckler v. Ringer, 466 U.S. 602, 626, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (citations

omitted); see also Escaler v. United States Citizenship and Immigration Services, 582 F.3d 288,

292 (2d Cir. 2009).

### a.     Nondiscretionary Duty

The Second Circuit has held that there is "no authority for the SSA to interpret and apply

bankruptcy law or to enforce the orders of the Bankruptcy Court, and * * *, in the absence of

such authority, the SSA's *unambiguous and limited duty* [is] to certify for payment to [the

representative seeking a fee under 42 U.S.C. § 406] [its] reasonable fee," Binder II, 481 F.3d at

152 (emphasis added).[4] The Second Circuit also held: "The Social Security Act by its terms does

not authorize the SSA to enforce discharges in bankruptcy or make any determination as to

---

[4] To the extent that the SSA's HALLEX is to the contrary, HALLEX is merely an internal agency guidebook which lacks the force of law and does not alter statutory duties. See, e.g. DeChirico v. Callahan, 134 F.3d 1177, 1184 (2d Cir. 1998); see also Davenport v. Astrue, 417 Fed. Appx. 544, 547 (7th Cir. Mar. 30, 2011); Lockwood v. Commissioner of Social Security Administration, 616 F.3d 1068, 1072 (9th Cir. 2010); Melvin v. Astrue, 602 F.Supp.2d 694, 704 (E.D.N.C. 2009).

attorneys' fees other than in accordance with its statutory authority to fix the fees of claimant's attorneys *and to withhold and transmit the fees so fixed.* The plain language of § 406(a)(4) admits of no exceptions in this regard." Id. at 151 (emphasis added). According to the Circuit, "the SSA lack[s] authority to deviate from the procedure outlined in § 406(a)(4) of the [Social Security] Act." Id. at 152 n. 3.

Defendant fulfilled its duty to fix a reasonable fee under Section 406(a)(1) on July 26, 2010, when it determined plaintiff's reasonable fee to be eight thousand dollars ($8,000.00). Defendant's determination that plaintiff was entitled to a fee in the amount of eight thousand dollars ($8,000.00) was proper, notwithstanding the pendency of the bankruptcy proceeding, since it had an "unambiguous" statutory duty to fix a reasonable fee for plaintiff's services under 42 U.S.C. § 406(a)(1). See Binder II, 481 F.3d at 152. In determining plaintiff's reasonable fee, defendant recognized the amount of work completed by plaintiff and determined that plaintiff was entitled to payment for that work in the amount of eight thousand dollars ($8,000.00). See Id. at 151. "Absent a showing that the portion of the total past-due benefits to which [the plaintiff] is entitled is an unreasonable attorneys' fee, * * *, the SSA had a *statutory duty under the [Social Security] Act to pay [the plaintiff] the certified fee.*" Id. (emphasis added). Accordingly, since there is no showing that an eight thousand dollar ($8,000.00) fee to plaintiff is unreasonable, defendant had a clear and nondiscretionary duty, with which it failed to comply without authority, to withhold the full amount of certified fees from the past-due benefits award to Landwirth and to pay that amount to plaintiff.

### b. Adequate Remedy

Moreover, there is no other adequate remedy available to plaintiff to seek the remainder of its authorized legal fee. By erroneously paying Landwirth past-due benefits that the SSA had a statutory duty to withhold as payment to plaintiff for its fee under 42 U.S.C. § 406(a), there resulted an overpayment of past-due benefits to Landwirth. See 20 C.F.R. § 404.501(a)(8) ("The provisions for adjustment [of an overpayment as set forth in Section 404(b)] * * * apply in cases where through error: * * * A payment of past due benefits is made to an individual and such payment had not been reduced by the amount of attorney's fees payable directly to an attorney under section 206 of the [Social Security] Act.") As set forth more fully below, 42 U.S.C. § 404(a) requires the SSA, not plaintiff, to seek to recoup any overpayment of a past-due benefits award from the claimant.

### c. Appropriateness of Mandamus

Since, *inter alia*, defendant had an unambiguous and nondiscretionary duty under the Social Security Act, 42 U.S.C. § 406(a), to withhold from the past-due benefits awarded to Landwirth the amount of plaintiff's reasonable fee, which it determined to be eight thousand dollars ($8,000.00), and to then pay that amount directly to plaintiff; it failed to perform that statutory duty; and there are no other adequate means by which plaintiff can obtain the remainder of the fees due it, a writ of mandamus under 28 U.S.C. § 1361, compelling defendant to pay plaintiff the remaining two thousand dollars ($2,000.00) of the certified legal fee, is appropriate.

D.     Sovereign Immunity

Defendant argues, nonetheless, that the doctrine of sovereign immunity shields it from liability for paying the certified legal fee to plaintiff out of general social security funds.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Virginia Office for Protection and Advocacy v. Stewart, 131 S. Ct. 1632, 1637, 179 L.Ed.2d 675 (2011). "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued. . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Dalm, 494 U.S. 596, 609, 110 S. Ct. 1361, 108 L.Ed.2d 548 (1990) (internal quotations and citations omitted); see also Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (holding that the United States "may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." (quotations and citation omitted)).  Sovereign immunity is a jurisdictional bar, see Lunney v. U.S., 319 F.3d 550, 554 (2d Cir. 2003), which, absent a waiver, shields the federal government, its agencies and its officers acting in their official capacity from suits seeking monetary damages. Department of Army v. Blue Fox, Inc., 525 U.S. 255, 260, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)); see County of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 140 (2d Cir. 2010) (holding that absent an "unequivocally expressed" statutory waiver, the United States, its agencies and its officers acting in their official capacity are immune from suit based on the principle of sovereign immunity).

Although the Second Circuit has not directly addressed the issue of whether 42 U.S.C. § 406(a) constitutes a waiver of sovereign immunity, the two (2) circuit courts that have addressed

16

the issue have held that 42 U.S.C. § 406(a) does not constitute a waiver of sovereign immunity. See In re Handel, 570 F.3d 140 (3d Cir. 2009); Pittman v. Sullivan, 911 F.2d 42, 46 (8th Cir. 1990); Russell v. Sullivan, 887 F.2d 170, 172 (8th Cir. 1989). In so holding, the Third Circuit rejected the suggestion that "under § 406, the federal government has a direct obligation to counsel for a Social Security claimant for the amount of any attorney's fee determination" and held that 42 U.S.C. § 406 "[d]oes not create a federal promise to pay counsel independently of the private obligation [of the claimant]," In re Handel, 570 F.3d at 144; and the Eight Circuit held, *inter alia*, that fee awards under Section 406 are not judicially reviewable and, therefore, the court had no authority (1) to order the Secretary of Health and Human Services to pay the authorized fee or to recoup the amount from the claimant and pay it to the claimant's representative, Pittman, 911 F.2d at 46, or (2) to order the Secretary to pay the claimant's representative the balance remaining on its fee award out of general social security funds, id.; see also Russell, 887 F.2d at 172.

Although the Second Circuit has not expressly addressed the issue, it appears from its holding in Binder II that it would not follow the holdings of the Third and Eighth Circuits. Specifically, as noted above, the Second Circuit has held, seemingly contrary to those circuit courts, that a representative seeking fees under 42 U.S.C. § 406(a) may seek judicial review under 28 U.S.C. § 1331, other than review of the amount of fees determined to be reasonable, Binder II, 481 F.3d at 150, and that the SSA has an "unambiguous and limited duty" under 42 U.S.C. § 406(a)(4) to certify a reasonable fee for payment, to withhold that amount from any past-due benefits award and to then pay that amount directly to the representative, Id., 481 F.3d at 152; and has further indicated that the SSA "lack[s] authority to deviate from the procedure

17

outlined in § 406(a)(4) of the [Social Security] Act," Id. at 152 n. 3. Moreover, in Binder II the Second Circuit refused to consider, and thereby implicitly rejected, the SSA's sovereign immunity defense on the basis that its "conclusion that the SSA had a duty to pay [the plaintiff] the certified fee dispel[ed] the need for [it] to address th[at] defense." See, e.g. Binder II, 481 F.3d at 152 n. 4. Accordingly, in this Circuit, unlike the Third and Eighth Circuits, sovereign immunity does not shield the SSA from fulfilling its statutory obligation to a representative for a social security claimant, such as plaintiff, to certify a reasonable fee pursuant to 42 U.S.C. § 406(a), to withhold that amount from any past-due benefits award and then to pay that amount directly to the representative.

Although Binder II is distinguishable from this case insofar as in that case the SSA was seeking to recoup money it had already paid to the plaintiff-representative from the claimant's past-due benefits award, that factor does not extinguish or otherwise alter the SSA's "unambiguous and limited duty" under 42 U.S.C. § 406(a) to certify a reasonable fee, withhold the amount of the certified fee from any past-due benefits award and pay that amount directly to the representative, which the Second Circuit found dispelled the need for it to address the sovereign immunity defense. Accordingly, the fact that in this case the SSA has failed to perform its statutory duty to withhold the authorized legal fee from the past-due benefits award to Landwirth, and has already erroneously paid the entire amount of past-due benefits to Landwirth, does not excuse it from performing its additional unambiguous and nondiscretionary duty under the Social Security Act, 42 U.S.C. § 406(a), to pay the full amount of certified legal fees, i.e., eight thousand dollars ($8,000.00), directly to plaintiff.

Moreover, I respectfully believe that the Third Circuit's interpretation of a similar claim

18

as seeking to impose upon the federal government "a direct obligation to counsel for a social security claimant for the amount of any attorney's fee determination," In re Handel, 570 F.3d at 144, was overly broad. Clearly, 42 U.S.C. § 406(a) does not impose upon the SSA a "direct obligation to counsel for a social security claimant" to pay the amount of *any* attorney's fee determination where, for example, the past-due benefits payable to the claimant are less than the amount of certified attorney's fees. In such circumstances, the SSA is clearly not liable to the claimant's representative to pay the difference from general social security funds. However, plaintiff's argument is properly construed more narrowly, i.e., that since the SSA has a statutory duty to certify a reasonable fee to plaintiff, to withhold such certified amount from the past-due benefits award to the claimant and to then pay that amount from the past-due benefits award, its failure to perform its statutory duty to withhold that amount from the past-due benefits paid to the claimant does not excuse it from its duty to pay the full amount of certified fees to the claimant's representative. Viewed in this light, a plaintiff seeking payment from the SSA of attorney's fees that have previously been certified as reasonable under 42 U.S.C. § 406(a) is seeking only to compel the SSA to perform a statutory duty under the Social Security Act which it failed to perform; it is not seeking monetary damages based upon any direct obligation on the part of the SSA to pay attorney's fees.

Moreover, although the Eighth Circuit conclusorily held that 42 U.S.C. § 406(a) cannot be construed as a waiver of sovereign immunity, Russell, 887 F.2d at 172; see also Pittman, 911 F.2d at 46 (citing Russell), it cited only the opinion of the United States District Court for the District of Delaware in Roberts v. Schweiker, 655 F. Supp. 1105 (D. Del. 1987), in support of that conclusion. The Delaware district court, in turn, relied upon the general proposition set forth

19

by the Supreme Court in <u>Ruckelshaus v. Sierra Club</u>, 463 U.S. 680, 103 S. Ct. 3274, 77 L.Ed.2d 938 (1983), that "[i]n the absence of * * * a waiver [of sovereign immunity], the court is powerless to award attorney's fees against the United States." <u>Roberts</u>, 655 F. Supp. at 1110.

<u>Ruckelshaus</u>, however, involved an application by unsuccessful parties in an action seeking review of the promulgation of standards limiting emission of sulfur dioxide by coal-burning power plants by the Environmental Protection Agency ("EPA") for attorney's fees incurred by them pursuant to Section 307(f) of the Clean Air Act, 42 U.S.C. § 7607(f), which permits attorney's fees to be awarded when "such an award is appropriate." 463 U.S. at 682, 103 S. Ct. 3274. The issue before the Supreme Court was whether it is "appropriate" to award attorney's fees to an unsuccessful *party* under that statute.[5] <u>Id.</u> In holding that unsuccessful parties are not entitled to an award of attorney's fees under that statute, the Supreme Court held that "[e]xcept to the extent it has waived its immunity, the Government is immune from claims for attorney's fees," 463 U.S. at 685, 103 S. Ct. 3274, and that the United States had not waived its sovereign immunity from claims for attorney's fees by unsuccessful parties under that statute. <u>Id.</u> at 686, 103 S. Ct. 3274. That case is clearly distinguishable from the instant case because, *inter alia*, in that case, any award of attorney's fees was discretionary with the court, <u>see</u> 42 U.S.C. § 7607(f) ("[t]he court *may* award costs of litigation (including reasonable attorney * * * fees) whenever it determines that such award is appropriate." (emphasis added)), whereas in this case, the SSA has a nondiscretionary statutory duty to determine a reasonable attorney's fees,

---

[5] The Supreme Court also noted that sixteen (16) other federal statutes contained identical provisions permitting attorney's fees to be awarded when "appropriate," <u>Id.</u> at 682 n. 1, 103 S. Ct. 3274, and, thus, that's its holding was equally applicable to those statutes. The Social Security Act is not one of those statutes.

withhold that amount from any past-due benefits award to Landwirth and then pay that amount directly to plaintiff. Moreover, as noted above, plaintiff was not a party to the SSA proceedings and, therefore, is not asserting a claim for attorney's fees relative to its success in the underlying SSA proceedings. Rather, plaintiff is merely seeking, in essence, to compel defendant to perform its statutory and nondiscretionary duties under 42 U.S.C. § 406(a).

Moreover, the Delaware district court also found that the attorney who represented the claimant during the SSA proceedings must look to the claimant, who received the entire past-due benefits award, including the certified legal fee, to recover his fee. Roberts, 655 F. Supp. at 1111. However, that holding is contrary to 42 U.S.C. § 404(a), which requires the SSA to seek the recoup any overpayment of past-due benefits from a claimant. Following the reasoning of that district court, an attorney who represented a claimant who received an overpayment of past-due benefits including the amount of the certified legal fee could seek to recover the fee from the claimant at the same time that the SSA seeks to recoup the overpayment under 42 U.S.C. § 404(a), resulting in a double reduction of the benefits received by the claimant. Such a result is contrary to the remedial and beneficent purpose of the Social Security Act. See McBrayer v. Secretary of Health & Human Services, 712 F.2d 795, 798-99 (2d Cir. 1983) (recognizing that the Social Security Act is remedial in purpose); Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir. 1975) (holding that the Social Security Act is remedial or beneficent in purpose). Accordingly, I find the Eighth Circuit's holding that sovereign immunity protects the SSA from claims pursuant to 42 U.S.C. § 406(a), seeking to recover legal fees that have erroneously been paid to the claimant, to be unpersuasive and contrary to both the statutory scheme and purpose of the Social Security Act.

21

E.    Appropriations Clause

The Appropriations Clause of the United States Constitution provides: "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law." U.S. Const. art. I, § 9, cl. 7. The Supreme Court has interpreted the Appropriations Clause to mean that "[m]oney may be paid out [of the federal Treasury] only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute." Office of Personnel Management v. Richmond, 496 U.S. 414, 424, 110 S. Ct. 2465, 110 L. Ed.2d 387 (1990).

Defendant contends that since the past-due benefits award has already been paid to Landwirth, the Appropriations Clause bars plaintiff's claim because payment can only be made from general Social Security funds, which is not contemplated by 42 U.S.C. § 406(a).

As previously noted, 42 U.S.C. § 406(a)(4) provides, in relevant part, that "the Commissioner of Social Security shall, notwithstanding [the SSA's duty to certify for payment and to pay DI benefits to a successful claimant pursuant to] section 405(i) of this title[6], certify for payment *out of [any] past-due benefits [award]*" a reasonable fee to an attorney representing the claimant in the social security proceeding. (Emphasis added).  Pursuant to 42 U.S.C. § 401(h), DI benefits awarded to a claimant "shall be made only from the Federal Disability

--------

6  42 U.S.C. § 405(i) provides, in relevant part, that "[u]pon final decision of the Commissioner of Social Security * * * that any person is entitled to any payment or payments under [Title II of the Social Security Act], the Commissioner of Social Security shall certify to the Managing Trustee * * * the amount of such payment or payments * * * and the Managing Trustee, through the Fiscal Service of the Department of Treasury, * * * shall make payment in accordance with the certification of the Commissioner of Social Security. * * * The Managing Trustee shall not be held personally liable for any payment or payments made in accordance with a certification by the Commissioner of Social Security."

Insurance Trust Fund ["FDITF"] [established by 42 U.S.C. § 401(b)]." Thus, the Social Security

Act expressly authorizes the payment of past-due DI benefits, from which the payment of legal

fees under 42 U.S.C. § 406(a) are to be made, from the FDITF.[7]

Landwirth was awarded past-due DI benefits in the amount of sixty-five thousand five

hundred eighty-eight dollars ($65,588.00) for the period between August 2006 through October

2009, as well as an additional one thousand seven hundred seventy-two dollars and seventy cents

($1,772.70) as payment of benefits through December 2009, for a total past-due benefits award

of sixty-seven thousand three hundred sixty dollars and seventy cents ($67,360.70). 42 U.S.C. §

401(h) expressly authorized that amount to be paid from the FDITF. Pursuant to 42 U.S.C. §§

405(i) and 406(a)(4), respectively, the SSA was required to pay Landwirth his past-due benefits

and plaintiff its reasonable fee, determined by the SSA to be eight thousand dollars ($8,000.00),

from the sixty-seven thousand three hundred sixty dollars and seventy cents ($67,360.70) amount

drawn from the FDITF. Therefore, the SSA was only authorized to pay Landwirth past-due

benefits in the amount of fifty-nine thousand three hundred sixty dollars and seventy cents

($59,360.70) from the funds drawn from the FDITF. Defendant's payment to plaintiff of sixty-

---

[7] Further, 42 U.S.C. § 406(d) provides for an assessment to be imposed upon an attorney entitled to a fee under Section 406(a)(4), calculated in accordance therewith. 42 U.S.C. § 406(d)(5) provides, in relevant part, that such assessments collected by the Commissioner of Social Security shall be credited, *inter alia*, to the FDITF. "The assessments authorized under [Section 406(d)] shall be collected and available for obligation only to the extent and in the amount provided in advance in appropriations Acts. Amounts so appropriated are authorized to remain available until expended, for administrative expenses in carrying out [Title II of the Social Security Act] and related laws." 42 U.S.C. § 406(d)(6). Thus, the administrative expenses incurred by the SSA in performing its statutory obligations under 42 U.S.C. § 406 are payable out of the FDITF from the assessments collected pursuant to that statute.

three thousand one hundred thirty-three dollars and ten cents ($63,133.10)[8], thus, resulted in an overpayment of past-due benefits to Landwirth in the amount of three thousand seven hundred seventy-two dollars and forty cents ($3,772.40). It is the amount of that overpayment, not the amount of legal fees defendant was required to pay to plaintiff under 42 U.S.C. § 406(a), that was not authorized by the Social Security Act.

Furthermore, 42 U.S.C. § 404(a) requires the SSA, with certain exceptions not relevant here[9], to seek to recoup any overpayment of benefits paid to a claimant. See also 20 C.F.R. § 404.502. Specifically, that statute provides, in relevant part:

> "Whenever the Commissioner of Social Security finds that more * * * than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery *shall* be made, under regulations prescribed by the Commissioner of Social Security, as follows: (A) * * * the Commissioner of Social Security shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, * * *, or shall obtain recovery by means of reduction in tax refunds based on notice to the Secretary of Treasury as permitted under section 3720A of Title 31, or shall apply any combination of the foregoing. * * *."

(Emphasis added).

---

[8] Pursuant to the SSA's March 20, 2010 notice to Landwirth, sent after it had already paid plaintiff six thousand dollars ($6,000.00) of its legal fees, (T. 13), Landwirth received two (2) checks for past-due benefits, i.e. a check in the amount of one thousand seven hundred seventy-two dollars and seventy cents ($1,772.70) for benefits due him to December 2009 and an "additional lump sum payment" of sixty-one thousand three hundred sixty dollars and forty cents ($61,360.40). (T. 14-16). Thus, Landwirth received past-due benefits in the total amount of sixty-three thousand one hundred thirty-three dollars and ten cents ($63,133.10).

[9] 42 U.S.C. § 404(b) provides, in relevant part, that "[i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience. * * *." 20 C.F.R. § 404.506 provides the procedure for waiver of adjustment and recovery of any overpayment amount pursuant to 42 U.S.C. § 404(b).

As noted above, by erroneously paying Landwirth past-due benefits, *inter alia*, that the SSA had an unambiguous and nondiscretionary duty under 42 U.S.C. § 406(a) to withhold from payment to Landwirth and to pay directly to plaintiff, there resulted an overpayment of benefits to Landwirth, see 20 C.F.R. § 404.501(a)(8), which the SSA has a statutory duty under 42 U.S.C. § 404(a) to seek to recoup.[10] In other words, the Social Security Act requires defendant, not plaintiff, to seek to recoup the unauthorized overpayment of funds from the FDITF to Landwirth from Landwirth. See 42 U.S.C. § 404(b) and 20 C.F.R. § 404.502.[11]

In sum: (1) defendant had an unambiguous and nondiscretionary duty under the Social Security Act, which it failed to perform, (a) to withhold plaintiff's certified fee, which it determined to be eight thousand dollars ($8,000.00), from the past-due benefits award paid from the FDITF to Landwirth, and (b) to then pay the full certified amount directly to plaintiff and only the remainder of the award to Landwirth as past-due benefits; (2) it was defendant's overpayment to Landwirth of more than the amount of the past-due benefits award less plaintiff's certified fee, not any payment to plaintiff of its reasonable fee, that is not statutorily authorized; and (3) defendant is, therefore, required to comply with its statutory duties under the Social Security Act by: (a) paying plaintiff the difference between the amount of fees defendant

---

[10] Defendant does not contend that it ever determined that any adjustment or recovery of the overpayment from Landwirth would defeat the purpose of Title II of the Social Security Act or would be against equity and good conscience. See 42 U.S.C. § 404(b).

[11] Whether or not defendant can successfully recoup the overpayment from Landwirth as a result, *inter alia*, of the bankruptcy discharge is not before this Court, particularly absent any indication that defendant has sought to recoup the overpayment from Landwirth to date. In any event, the Social Security Act specifically contemplates situations in which the SSA's right to recoup an overpayment of past-due benefits may be waived. See 42 U.S.C. § 404(b). Moreover, in light of this determination, it is unnecessary to consider whether any debt owed by Landwirth to plaintiff was dischargeable or, in fact, discharged in bankruptcy.

determined to be reasonable and the amount of attorney's fees it previously paid to plaintiff, i.e., two thousand dollars ($2,000.00), from the FDITF and (b) seeking to recoup its overpayment of past-due benefits from Landwirth or waiving recoupment under the circumstances set forth in 42 U.S.C. § 404(b).[12] Therefore, so much of plaintiff's motion as seeks summary judgment on its claim seeking, in essence, to compel defendant to perform its statutory obligation under 42 U.S.C. § 406(a)(4) to pay it the remainder of fees which it certified to be reasonable and which it failed to withhold from the past-due benefits paid to Landwirth in contravention of its statutory duty is granted and defendant is directed to comply with its statutory obligations: (a) to pay plaintiff the remaining amount of its certified legal fees, i.e., two thousand dollars ($2,000.00), pursuant to 42 U.S.C. § 406(a)(4), and (b) to seek to recoup its overpayment of past-due benefits to Landwirth from Landwirth pursuant to 42 U.S.C. § 404(a), or to waive such recoupment pursuant to 42 U.S.C. § 404(b).

F.     Interest

However, plaintiff's claim for prejudgment interest is denied. "In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." Library of Congress v. Shaw, 478 U.S. 310, 311, 106 S. Ct. 2957, 92 L.Ed.2d 250 (1986), superceded by statute, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1079; see also Palmieri v. Allstate Ins. Co., 445 F.3d 179,

---

[12] I make no determination as to whether Landwirth's debt to the SSA for the overpayment of past-due benefits was nondischargeable under Section 523 of the Bankruptcy Code or was in fact discharged in bankruptcy. That determination is for the bankruptcy court in the first instance.

193 (2d Cir. 2006); <u>Ikelionwu v. United States</u>, 150 F.3d 233, 239 (2d Cir. 1998). "A statutory waiver of this 'no-interest rule' must be construed strictly in favor of the sovereign." <u>Andrulonis v. United States</u>, 26 F.3d 1224, 1231 (2d Cir. 1994); <u>see also</u> <u>Shaw</u>, 478 U.S. at 318-19, 106 S. Ct. 2957 (holding that "[t]he no-interest rule provides an added gloss of strictness upon the[] usual rules [that waivers of sovereign immunity must be construed strictly in favor of the sovereign and not be enlarged 'beyond what the language requires'].")

Since there is no indication in the Social Security Act, or otherwise, that Congress intended to waive the United States's sovereign immunity for interest on fee awards made pursuant to 42 U.S.C. § 406(a), plaintiff's claim for interest is denied.


III.    CONCLUSION

So much of plaintiff's motion as seeks summary judgment on its claim seeking, in essence, to compel defendant to comply with its statutory duty under 42 U.S.C. § 406(a)(4) to, *inter alia*, pay the full amount of its certified attorney's fee is granted and defendant is directed to comply with its statutory duties: (a) to pay to plaintiff the amount of two thousand dollars ($2,000.00), i.e., the difference between the amount of fees defendant certified to be reasonable under 42 U.S.C. § 406(a) and the amount of fees it previously paid to plaintiff, and (b) to seek to recoup its overpayment of past-due benefits to Landwirth from Landwirth pursuant to 42 U.S.C. § 404(a) or waive such recoupment pursuant to 42 U.S.C. § 404(b), and plaintiff's motion is otherwise denied. Defendant's cross motion for summary judgment dismissing the complaint is denied. The Clerk of the Court is directed: (1) to enter judgment compelling defendant to comply with its statutory duties pursuant to 42 U.S.C. §§ 406(a)(4) and 404, respectively, by: (a)

27

paying plaintiff its outstanding certified legal fee in the amount of two thousand dollars ($2,000.00) and (b) seeking to recoup its overpayment of past-due benefits from Landwirth pursuant to 42 U.S.C. § 404(a), or waiving such recoupment under 42 U.S.C. § 404(b); and (2) to close this case.

SO ORDERED.

/S/ SANDRA J. FEUERSTEIN

SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 25, 2012
          Central Islip, New York